UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
Western Division

| | |
|---|---|
| In Re: ) <br> GOOD NATURED PRODUCTS ) <br> INC., et al [1] ) <br> ) <br> ) <br> ) <br> Debtor(s) ) | Case Number: 24-80891 <br> (Jointly Administered) <br> Chapter: 15 <br> Honorable Thomas M. Lynch |

### ORDER FOR RECOGNITION OF FOREIGN MAIN PROCEEDING AND ADDITIONAL RELIEF

Upon consideration of the Verified Petition for Recognition of Foreign Main Proceedings, and Additional Relief under Chapter 15 of the Bankruptcy Code (the "Verified Petitions," together with the form petitions filed concurrently therewith, the "Petitions") filed by the Foreign Representative as the "foreign representative" of the above-captioned debtors (collectively, the "Debtors," the "Company," or the "Good Natured"); and upon the hearing on the Petitions and this Court's review and consideration of the Petitions and the Antoniadis and Buttery Declarations; and the Court having determined that the relief sought in the Petitions is in the best interests of Good Natured, its creditors, and all parties in interest; and the Court having considered the evidence and statements regarding the Petitions in the documents filed with the Court; and it appearing that no other or further notice need be given under the circumstances; and the Court having considered the evidence and statements regarding the Petitions in the documents filed with the Court; and it appearing that this Court has jurisdiction to consider the Petition pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that venue of the Chapter 15 case and the Petition in this District is proper pursuant to 28 U.S.C. § 1410(1); and it appearing that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having found and determined that the relief sought in the Petition is consistent with the purpose of Chapter 15 of the Bankruptcy Code and that the legal and factual bases set forth in the Petition establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefore, it is HEREBY FOUND AND DETERMINED THAT:

A. The Court has jurisdiction over this matter under 28 U.S.C. §§ 157 and 1334.

B. This is a core proceeding under 28 U.S.C. § 157(b)(2).

C. The Court may enter a final order consistent with Article III of the United States Constitution.

D. These chapter 15 cases were properly commenced pursuant to sections 1504, 1509, and 1515 of the Bankruptcy Code.

E. The Debtors have their domicile, principal place of business, and/or property in the United States and are subject to a foreign proceeding and thus the Debtors are each eligible to be a debtor in a chapter 15 case.

F. The good natured Products Inc ("GDNP PubCo" or "Foreign Representative") is a "person" pursuant to section 101(41) of the Bankruptcy Code and is the duly appointed "foreign representative" of the Debtors as such term is defined in section 101(24) of the Bankruptcy Code. The Foreign

Representative has satisfied the requirements of section 1515 of the Bankruptcy Code and Bankruptcy Rule 1007(a)(4).

    G.    The Petitions meet all requirements of 11 U.S.C. § 1515.

    H.    The Canadian Proceeding is entitled to recognition by this Court pursuant to section 1517 of the Bankruptcy Code.

    I.    The Canadian Proceeding is pending in Canada, where the Debtors have the "center of [their] main interests" as referred to in section 1517(b)(1) of the Bankruptcy Code. Accordingly, the Canadian Proceeding is a "foreign main proceeding" pursuant to section 1502(4) of the Bankruptcy Code, and are entitled to recognition as foreign main proceedings pursuant to section 1517(b)(1) of the Bankruptcy Code.

    J.    The Foreign Representative is entitled to all the relief provided pursuant to sections 1507, 1519, 1520, and 1521(a) and (b), and of the Bankruptcy Code, because those protections are necessary to effectuate the purposes of chapter 15 of the Bankruptcy Code and to protect the assets of the Debtors and the interests of the Debtors' creditors.

    K.    Good, sufficient, appropriate, and timely notice of the filing of, and the hearing on (to the extent necessary), the Petitions was given, which notice was deemed adequate for all purposes, and no further notice need be given.

    L.    The relief granted hereby is necessary to effectuate the purposes and objectives of chapter 15 and to protect the Debtors and their interests of its creditors and other parties in interest, is in the interest of the public and international comity, consistent with the public policy of the United States, and will not cause any hardship to any party in interest that is not outweighed by the benefits of the relief granted. Absent the requested relief, the efforts of the Debtors and the Foreign Representative in conducting the Canadian Proceedings and the sale and investment solicitation process ("SISP") may be frustrated by the actions of individual creditors, a result contrary to the purposes of chapter 15.

IT IS HEREBY ORDERED THAT:

1. The Verified Petitions are granted.

2. The Canadian Proceeding is recognized as foreign main proceeding pursuant to section 1517 of the Bankruptcy Code and are entitled to the protections of 11 U.S.C. § 1520(a), including, without limitation, the application of the protection afforded by the automatic stay under 11 U.S.C. § 362 to the Debtors and to the Debtors' property that is within the territorial jurisdiction of the United States.

3. good natured Products Inc. is the duly appointed foreign representative of the Debtors within the meaning of 11 U.S.C. § 101(24), is authorized to act on behalf of the Debtors in these chapter 15 cases, and is established as the exclusive representative of the Debtors in the United States.

4. The Initial CCAA Order, including any and all existing and future extensions, amendments, restatements, and/or supplements authorized by the Canadian Court, specifically including the ARIO, are hereby given full force and effect, on a final basis, with respect to the Debtors and the Debtors' property that now or in the future is located within the territorial jurisdiction of the United States, including, without limitation staying the commencement or continuation of any actions against the Debtors or its assets (except as otherwise expressly provided herein or therein).

5. All objections, if any, to the Petitions or the relief requested therein that have not been withdrawn, waived, or settled by stipulation filed with the Court, and all reservations of rights included

therein, are hereby overruled on the merits.

6. Upon entry of this order (this "Order"), the Canadian Proceeding and all prior orders of the Canadian Court shall be and hereby are granted comity and given full force and effect in the United States and, among other things:

   a. the protections of sections 361, 362, and 365(e) of the Bankruptcy Code apply to the Debtors;

   b. all persons and entities are enjoined from taking any actions inconsistent with the Canadian Proceeding and the SISP, and from seizing, attaching, and enforcing or executing liens or judgments against the Debtors' property in the United States or from transferring, encumbering or otherwise disposing of or interfering with the Debtors' assets or agreements in the United States without the express consent of the Foreign Representative;

   c. all persons and entities are enjoined from commencing or continuing, including the issuance or employment of process of, any judicial, administrative or any other action or proceeding involving or against the Debtors or their assets or proceeds thereof, or to recover a claim or enforce any judicial, quasi-judicial, regulatory, administrative or other judgment, assessment, order, lien or arbitration award against the Debtors or their assets or proceeds thereof;

   d. all persons and entities are enjoined from commencing any suit, action, or proceeding against the Debtors, the Foreign Representative, or any of their respective successors, directors, officers, agents, employees, representatives, advisors, or attorneys in respect of any claim or cause of action, in law or in equity, arising out of or relating to any action taken or omitted to be taken in connection with these chapter 15 cases, the Canadian Proceedings, and the SISP; and

   e. all persons and entities are enjoined from terminating or modifying an executory contract or unexpired lease at any time after the commencement of these chapter 15 cases solely because of a provision in such contract or lease is conditioned upon the commencement of the Canadian Proceedings or a case under the Bankruptcy Code.

7. The Foreign Representative and the Debtors shall be entitled to the full protections and rights enumerated under section 1521(a)(4) and (5) of the Bankruptcy Code, and accordingly, the Foreign Representative:

   a. is entrusted with the administration or realization of all or part of the Debtors' assets located in the United States; and

   b. has the right and power to examine witnesses, take evidence or deliver information concerning the Debtors' assets, affairs, rights, obligations, or liabilities.

8. All parties who believe they have a claim against any of the Debtors are obligated to file such claim in, and only in, the Canadian Proceedings.

9. The Foreign Representative is hereby established as the representative of the Debtors with full authority to administer the Debtors' assets and affairs in the United States, including, without limitation, making payments on account of the Debtors' prepetition and postpetition obligations.

10. The Foreign Representative, the other Debtors, and their respective agents are authorized to serve or provide any notices required under the Bankruptcy Rules or Local Rules of this Court.

11. No action taken by the Foreign Representative, the other Debtors, or their respective successors, agents, representatives, advisors, or counsel in preparing, disseminating, applying for, implementing, or

chapter 15 cases, or any adversary proceeding herein, or contested matters in connection therewith, will be deemed to constitute a waiver of any immunity afforded the Foreign Representative, including without limitation pursuant to sections 306 or 1510 of the Bankruptcy Code.

    12.   The banks and financial institutions with which the Debtors maintain bank accounts or on which checks are drawn or electronic payment requests made in payment of prepetition or postpetition obligations are authorized and directed to continue to service and administer the Debtors' bank accounts without interruption and in the ordinary course and to receive, process, honor and pay any and all such checks, drafts, wires and automatic clearing house transfers issued, whether before or after the Petition Date and drawn on the Debtors' bank accounts by respective holders and makers thereof and at the direction of the Foreign Representative or the Debtors, as the case may be.

    13.   The Foreign Representative is authorized to take all actions necessary to effectuate the relief granted pursuant to this Order.

    14.   This Order is without prejudice to the Foreign Representative requesting any additional relief in the chapter 15 cases, including seeking recognition and enforcement by this Court of any further orders issued in the Canadian Proceeding.

    15.   The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

    16.   A copy of this Order shall be served (i) within five business days of entry of this order, by electronic mail to the extent email addresses are available and otherwise by U.S. mail, overnight or first-class postage prepaid, upon the Notice Parties (as defined in the Application for Order (the, (I) Specifying Form and Manner of Service and Notice (II) and Setting Deadline for Objections and Replies; and (III) Scheduling a Hearing on Recognition and Additional Relief (the "Recognition Hearing") and such other entities as the Court may direct. Such service shall be good and sufficient service and adequate notice for all purposes.

    17.   This Court shall retain jurisdiction with respect to the enforcement, amendment or modification of this Order, any requests for additional relief or any adversary proceeding brought in and through these chapter 15 cases, and any request by an entity for relief from the provisions of this Order, for cause shown, that is properly commenced and within the jurisdiction of this Court.

    18.   Notwithstanding any applicability of any Bankruptcy Rules, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry and shall constitute a final order within the meaning of 28 U.S.C. § 158(a).

    19.   This Order applies to all parties in interest in these chapter 15 cases and all of their agents, employees, and representatives, and all those who act in concert with them who receive notice of this Order.

    [1] The Debtors in these chapter 15 proceedings, together with the last four digits of their business identification numbers are: good natured Products Inc. (9782); good natured Real Estate Holdings (Ontario) Inc. (9738); 1306187 B.C. Ltd. (9102); good natured Products (CAD) Inc. (3430); good natured Products Packaging Canada GP Inc. (0013); good natured Products Packaging Brampton GP Inc. (1615); good natured Products Industrial Canada GP Inc. (9542); good natured Products Packaging Canada LP (5943); good natured Products Packaging Brampton LP (5141); good natured Products Industrial Canada LP (5344); good natured Products (Illinois), LLC (1986); good natured Products Real Estate U.S., LLC (5490); good natured Products (US) Inc. (7740); good natured Products Packaging US LLC (5490); good natured Products Direct LLC (0622); good natured Products (Texas) LLC (2342).

Enter:

Dated:                                               United States Bankruptcy Judge

**Prepared by:**

Akerman LLP

/s/ R. Adam Swick
Thomas B. Fullerton (6296539)
71 South Wacker Drive, 47th Floor
Chicago, IL 60606
Telephone: (312) 634-5726
thomas.fullerton@akerman.com

-and-

R. Adam Swick (pro hac vice )
1251 Avenue of the Americas, 37th Floor
New York, New York 10020
Telephone: (212) 880-3800
Facsimile: (212) 88-8965
adam.swick@akerman.com

-and-

Andrea S. Hartley (pro hac vice)
98 Southeast Seventh Street, Suite 1100
Miami, FL 33131
Telephone: (305) 374-5600
Facsimile: (305) 349-4794
andrea.hartley@akerman.com

Counsel for the Foreign Representative