

No. S-244212
Vancouver Registry

**IN THE SUPREME COURT OF BRITISH COLUMBIA**

IN THE MATTER OF THE *COMPANIES' CREDITORS ARRANGEMENT ACT*,
R.S.C. 1985, c. C-36

AND

IN THE MATTER OF THE *BUSINESS CORPORATIONS ACT*,
S.B.C. 2002, c.57, AS AMENDED

AND

IN THE MATTER OF GOOD NATURED PRODUCTS INC., & THOSE ENTITIES LISTED
IN SCHEDULE "A"

PETITIONERS

**MONITOR'S CERTIFICATE**

**RECITALS**

A.      Pursuant to an Initial Order of the Supreme Court of British Columbia (the "**Court**") dated June 28, 2024 (the "**Initial Order**"), the Petitioners were granted creditor-protection pursuant to the *Companies' Creditors Arrangement Act* R.S.C. 1985, c. C-36, as amended (the "**CCAA**") and Alvarez & Marsal Canada Inc. was appointed as court-appointed monitor of the Petitioners.

B.      Pursuant to an Order of the Court dated October 31, 2024 (the "**Approval and Reverse Vesting Order**"), the Court, *inter alia*, (i) approved the Subscription Agreement and the Transactions, (ii) vested out of the Petitioners right, title, interest in and to and obligations in respect of their respective Excluded Assets, Excluded Contracts, and Excluded Liabilities, except for Permitted Encumbrances; (iii) authorized and directed GDNP PubCo to file the Reorganization Documents; (iv) terminated and cancelled, or redeemed for no consideration, all Existing Equity as well as any agreement, contract, plan, indenture, warrant, deed, certificate, subscription rights, conversion rights, pre-emptive rights, options (including stock options or share purchase or equivalent plans), or other documents or instruments governing or having been created or granted

**EXHIBIT A**

in connection with the share capital of GDNP PubCo, or shall be and shall be deemed to be terminated and cancelled for no consideration; and (v) authorized and directed GDNP PubCo to issue the Purchased Shares to the Purchaser free and clear of any Encumbrances.

C.      Capitalized terms used in this Order and not otherwise defined herein shall have the meanings ascribed to them the Approval and Reverse Vesting Order or the Subscription Agreement, as applicable.

**THE MONITOR CERTIFIES** that it was advised by the Petitioners and the Purchaser that:

1.      The Purchaser has satisfied the Purchase Price in accordance with the Subscription Agreement; and

2.      The Monitor has received written confirmation from the Purchaser and the Petitioners, in form and substance satisfactory to the Monitor, that all conditions to Closing have been satisfied or waived by the Purchaser or the Petitioners, as applicable.

This Certificate was delivered by the Monitor at 12:00 noon PT on November 15, 2024, which shall constitute the Effective Time (as defined in the Approval and Reverse Vesting Order).

**Alvarez & Marsal Canada Inc., in its capacity as Monitor of the Petitioners, and not in its personal capacity**

Per:  _____

Name:  _Anthny Tullme_

Title:  _Senit vice President_